**WYGONSKI et al.**

v.

**MEDINA COUNTY AGRICULTURAL SOCIETY et al.**

2002-Ohio-7460.]

Court of Common Pleas of Ohio,
Medina County.

No. 01–CIV–0014.

Decided Nov. 26, 2002.

**16**

Martin Sandel, for plaintiffs.

Jeffrey W. Largent, Nick Tomino, Linda Hoffmann and Edward G. Kagels, for defendants.

JAMES L. KIMBLER, Judge.

### Statement of the Case

{¶ 1} The plaintiffs filed a lawsuit against three governmental subdivisions: the city of Medina, the Board of Commissioners of Medina County, and the Medina County Agricultural Society, for injuries sustained by three minor boys as a result of drinking a soft drink made with contaminated water.

{¶ 2} The Medina County Agricultural Society and the Medina County Fair Board have filed a motion for summary judgment alleging that there is no genuine issue of material fact and that they are entitled to a summary judgment as a matter of law. The motion was filed pursuant to Civ. R. 56.

### Findings of Fact

{¶ 3} For purposes of ruling on the defendants' motion only, the court makes the following findings of fact:

{¶ 4} Medina County owns the fairgrounds in Medina, Ohio.

{¶ 5} Annually, a county fair is conducted on these fairgrounds.

{¶ 6} The Medina County Agricultural Society and the Medina County Fair Board conduct the fair.

{¶ 7} The "Fair Board" is actually the Board of Directors of the Medina County Agricultural Society.

{¶ 8} The fairground has its own water system, which supplies water to vendors, exhibitors, and the animal barns.

{¶ 9} The fair is open to the public.

{¶ 10} During the fair, members of the Medina County 4–H Clubs conduct a Junior Livestock Show and Auction.

{¶ 11} Animals are kept in the animal barns by exhibitors for both the Junior Livestock Show and Auction and for other shows.

{¶ 12} E. coli bacteria can be transmitted in animal feces and bird droppings.

{¶ 13} The minor sons of Chris Wygonski consumed a soft drink while at the Medina County Fair in 2000.

{¶ 14} The soft drink was made from water supplied through the water system at the Medina County Fairgrounds.

{¶ 15} Following the consumption of the soft drink the boys began to show symptoms of E. coli bacterial infection.

Conclusions of Law

{¶ 16} Civ.R. 56 provides as follows:

{¶ 17} "(A) For party seeking affirmative relief. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. A party may move for summary judgment at any time after the expiration of the time permitted under these rules for a responsive motion for pleading by the adverse party, or after service of a motion for summary judgment by the adverse party. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court.

{¶ 18} "(B) For defending party. A party against whom a claim, counter-claim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or

declaratory judgment action. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court.

{¶ 19} "(C) Motion and proceedings thereon. The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶ 20} "(D) Case not fully adjudicated upon motion. If on motion under this rule summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court in deciding the motion, shall examine the evidence or stipulation properly before it, and shall if practicable, ascertain what material facts exist without controversy and what material facts are actually and in good faith controverted. The court shall thereupon make an order on its journal specifying the facts that are without controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

{¶ 21} "(E) Form of affidavits; further testimony; defense required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for

trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 22} Summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 696 N.E.2d 201; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

{¶ 23} To obtain a summary judgment under Civ.R. 56(C), the moving party bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record that support the requested judgment. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 674 N.E.2d 1164. If the moving party discharges this initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. Id. See, also, *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798. Any doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.

{¶ 24} County agricultural societies are bodies politic and corporate, organized under R.C. 1711.01 et seq.

{¶ 25} The powers, duties, and organization of county agricultural societies are set forth in R.C. Chapter 1711.

{¶ 26} County agricultural societies are statutorily required to offer and award "premiums" for county agricultural products, livestock, articles of domestic industry, school displays, and for such other activities as it deems proper. R.C. 1711.04.

{¶ 27} County agricultural societies may hold county fairs and agricultural exhibitions. R.C. 1711.02, 1711.04, and 1711.05.

{¶ 28} County agricultural societies may enter into leases for county fairgrounds, may hold title to such fairgrounds, and may appropriate real property to use as county fairgrounds. R.C. 1711.13 and 1711.14.

{¶ 29} Although not mentioned in R.C. 2744.01 et seq., a county agricultural society is a political subdivision for purposes of the Political Subdivision Tort Liability Act set forth in R.C. 2744.01 et seq. *Greene Cty. Agricultural Soc. v. Liming* (2000), 89 Ohio St.3d 551, 733 N.E.2d 1141.

{¶ 30} Political subdivisions are immune from liability unless the act that is alleged to have caused injury falls within one of the exceptions set forth in R.C. 2744.02(A).

{¶ 31}   This immunity applies whether the act takes place while the political subdivision or its employees are engaged in a proprietary or a governmental function.   R.C. 2744.02(A).

{¶ 32}   R.C. 2744.02(B) sets forth exceptions to the general rule of nonliability.

{¶ 33}   One of those exceptions is that a political subdivision can be sued for negligent acts causing injury to property or persons committed by employees of political subdivisions engaged in proprietary functions.   R.C. 2744.02(B)(2).

{¶ 34}   In addition, if the injury is caused by failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds open, in repair, and free of nuisance, then the political subdivision is not immune.   R.C. 2744.02(B)(3).

{¶ 35}   The definitions of "governmental function" are set forth in the R.C. 2744.01(C)(1)(a), (b), and (c).

{¶ 36}   Examples of governmental functions are set forth in the R.C. 2744.01(C)(2).

{¶ 37}   Operations of county fairs or fairgrounds are not included in the list of governmental functions set forth in the R.C. 2744.02(C)(2).

{¶ 38}   The conducting of a livestock competition at a county fair by a county agricultural society is not a governmental function.   *Greene Cty. Agricultural Soc. v. Liming* (2000), 89 Ohio St.3d 551, 733 N.E.2d 1141.

{¶ 39}   Defenses to liability of political subdivisions are found in R.C. 2744.03.

{¶ 40}   Pursuant to R.C. 2744.03(A)(3) or (5), these defenses include situations where political subdivisions or their employees have discretion to make decisions and it is the making of such decisions that is being used to impose liability.

## Holding

{¶ 41}   County agricultural societies are political subdivisions, and when they hold fairs, some of the activities of the fair are governmental functions; however, not all activities conducted on a fairgrounds during a fair are governmental functions.

{¶ 42}   When food and soft drinks are served at a county fair, the **serving** and preparation of the food are not governmental functions.   The **preparation** and serving of food are proprietary functions.

{¶ 43}   If a county agricultural society negligently maintains the water system that is used on a county fairgrounds for food and drink preparations, it can be sued and it is not immune.

■ {¶ 44} In order to establish the defense of discretionary decision-making, a political subdivision must show that *at the time in question* it exercised its discretion.

Discussion

■ {¶ 45} R.C. Chapter 2744 divides, for purposes of determining political subdivision tort liability, the functions of political subdivisions into two categories: proprietary and governmental.

{¶ 46} The definition of "governmental function" is found in R.C. 2744.01. One of the tests for whether a political subdivision is performing a governmental function is whether the state mandates that the political subdivision perform the function alleged to be a governmental function. R.C. 2744.01(C)(1)(a).

{¶ 47} In this case, the Medina County Agricultural Society allows concession stands to operate on the fairgrounds. While concessions are permitted on fairgrounds, R.C. 1711.11, Ohio law does not mandate that a county agricultural society permit concessions on its fairgrounds. Clearly, then, allowing concessions for food and drink does not satisfy the test set forth in R.C. 2744.01(C)(1)(a).

{¶ 48} Nor does it satisfy the test for governmental functions set forth in R.C. 2744.01(C)(1)(b), because allowing food and drink concessions at a county fair is not for the common good of all the citizens of the state or even for the common good of all the fair attendees.

{¶ 49} Finally, it also does not satisfy the test set forth in R.C. 2744.01(C)(1)(c), because while the selling of food and drink at a county fair is for the welfare of the public that chooses to attend the fair and consume those items, the activities of selling food and drink are customarily performed in our state by nongovernmental persons, and that activity is not mandated in R.C. 2744.01(G) as a governmental function.

{¶ 50} Therefore, if the selling of food and drink at a county fair is not a governmental function, providing water for concessionaires to use in food and drink preparation cannot be a governmental function.

{¶ 51} Breaking down the functions performed at a county fair by a political subdivision was used by the Ohio Supreme Court in *Greene Cty. Agricultural Soc. v. Liming,* supra, in holding that the agricultural society was not immune from liability. Clearly, then, the Ohio Supreme Court approves of taking the function that is claimed to be governmental and examining it in isolation from other functions that may be performed at the same time and at the same place by the political subdivision.

{¶ 52} The selling of food and drink at a county fair by a concessionaire approved pursuant to R.C. 1711.11 does satisfy the test for a proprietary function

set forth in R.C. 2744.02(G)(1)(a) and (b). Therefore, the providing of water to such concessions is also a proprietary function and if performed negligently by the Medina County Agricultural Society or its employees can result in liability pursuant to R.C. 2744.02(B)(2).

{¶ 53} Even if, however, the providing of water to a concession at a county fair were a governmental function, there would still be liability pursuant to R.C. 2744.02(B)(3), because the providing of contaminated water to such a concession through a water system would be a nuisance.

{¶ 54} Likewise, if a water system was in bad repair and through the negligence of the political subdivision that owned the water system a person was injured on governmental property, then there would be liability through R.C. 2744.02(B)(5).

{¶ 55} Therefore, the plaintiffs have established that neither the Medina County Agricultural Society nor its board of directors is immune from civil liability under R.C. Chapter 2744.

{¶ 56} The defendants also argue in their motion for summary judgment that all decisions made regarding the water system were made pursuant to their discretionary authority and that, therefore, they are entitled to summary judgment because of R.C. 2744.03(A).

{¶ 57} In support of their motion, they submitted an affidavit of the president of the Medina County Agricultural Society. In his affidavit, the president set forth information concerning what the Medina County Agricultural Society was told by the "Medina County Commissioners" and the "Medina City Water Department."

{¶ 58} Obviously the above-named entities are not natural persons and therefore cannot tell anyone anything. They act through employees and public officials. The affidavit does not state who conveyed what information to what employee or officer of the Medina County Agricultural Society. It does not state whether the information was presented at a meeting where the president was in attendance, either as president of the Agricultural Society or as a member of the board of directors. While the affidavit purports to be based on personal knowledge, there is no information presented that would allow this court to conclude that the affiant was presenting admissible evidence.

{¶ 59} Further, while the affidavit states that the Agricultural Society exercised its discretion not to replace the water system, it does not state when this discretion was exercised. That is, there is no evidence presented in the affidavit from which this court can conclude that the Agricultural Society or the Fair

Board exercised its discretion prior to the day of the alleged tort not to replace the entire water system at the Medina County Fairgrounds.

{¶ 60}  Therefore, this court finds that as to the issue whether there is a defense of discretionary decision-making so as to allow it to grant a motion for summary judgment, the defendants Medina County Agricultural Society and Medina County Fair Board have not met their burden under Civ.R. 56.

Order

{¶ 61}  The Medina County Agricultural Society and the Medina County Fair Board's motion for summary judgment is denied.

{¶ 62}  SO ORDERED.

Motion denied.